UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

FERNANDA PACIFICO REVELIU,
*individually and on behalf of others similarly situated,*

                        *Plaintiff,*

-against-

910 SEVENTH AVE REST LLC d/b/a 9TEN RESTAURANT), DEMETRIOS GLEKAS, *Individually,* and THEODORE KATSIHTIS, *Individually,*

                        *Defendants*

------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

    Plaintiff, FERNANDA PACIFICO REVELIU, individually and on behalf of others similarly situated, by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complaints of the Defendants as follows:

## NATURE OF THE ACTION

    1.    Plaintiff brings this action to recover minimum and overtime wages and liquidated damages, interest, costs, and attorneys' fees for violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and associated rules and regulations.

    2.    Plaintiff was an employee of Defendants.

    3.    Defendants own, operate, and/or control a restaurant located at 910 7th Ave, New York, NY 10019 under the name 9TEN RESTAURANT.

    4.    Plaintiff was employed as a waitress. However, she was required to spend several hours of each day performing non-tipped duties unrelated to being a waitress, including cleaning the restaurant, cleaning the liquor rooms, bringing up wine from the basement, cleaning glasses,

sweeping the floor, working the registers, recording take out order and cleaning the kitchen (hereinafter the "non-tip duties").

5. Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that she worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of her hours worked, and failed to pay Plaintiff appropriately for hours worked over 40.

7. Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which she worked over 10 hours.

8. To the extent they did so, under state law Defendants were not entitled to take a tip credit because Plaintiff's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever were less in each day) (12 N.Y.C.R.R. §146).

9. Further, to the extent they sought to take a tip credit, Defendants failed to give Plaintiff notice that they intended to take a tip credit.

10. Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees.

11. At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

12. Plaintiff seeks certification of this action as a collective action on behalf of herself, individually, and of all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), as the acts complained of occurred within the Southern District of New York.

## PARTIES

*Plaintiff*

15. Plaintiff FERNANDA PACIFICO REVELIU is an adult individual residing in Queens County, New York.

16. She was employed by Defendants from on or about April 2018 until November 18, 2019.

17. During her employment, Plaintiff has worked at the restaurant located at 910 7th Ave, New York, NY 10019.

*Defendants*

18. At all times relevant to this complaint, the Defendants owned, operated and/or controlled a restaurant located at 910 7th Ave, New York, NY 10019, under the name 9TEN RESTAURANT.

19. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

20. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).

21. Upon information and belief, 910 SEVENTH AVE REST LLC, is a Corporation organized and existing under the laws of the state of New York, and maintains its principal place of business at 910 7th Ave, New York, NY 10019.

*Defendant DEMETRIOS GLEKAS*

22. DEMETRIOS GLEKAS is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

23. DEMETRIOS GLEKAS is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

24. Upon information and belief, DEMETRIOS GLEKAS possesses or possessed operational control over Defendant Corporation possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

25. Defendant DEMETRIOS GLEKAS determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendant THEODORE KATSIHTIS*

26. THEODORE KATSIHTIS is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

27. THEODORE KATSIHTIS is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

28. Upon information and belief, THEODORE KATSIHTIS possesses or possessed operational control over Defendant Corporation possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

29. Defendant THEODORE KATSIHTIS determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

30. Defendants operate a restaurant located in Manhattan.

31. Each Defendant possesses substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

32. Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for her services.

34. Upon information and belief, in each year from 2018 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000.

35. In addition, the Defendants and their enterprise used items in interstate commerce. For example, numerous items that were used and sold daily at 9TEN RESTAURANT, such as vegetables and beverages, were produced outside the state of New York.

*Individual Plaintiff*

36. Plaintiff FERNANDA PACIFICO REVELIU is a former employee of Defendants and was employed as a waitress.

37. Even though Plaintiff was employed as a waitress, she was required to spend several hours of her time each day performing the non-tipped duties outlined above.

38. She seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff FERNANDA PACIFICO REVELIU*

39. Plaintiff FERNANDA PACIFICO REVELIU was employed by Defendants from on or about April 2018 until November 18, 2019.

40. Plaintiff was employed by Defendants as a waitress. However, during her employment as a waitress, Plaintiff spent over twenty percent of her work day performing the non-waitressing duties described above.

41. Plaintiff regularly has handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

42. Plaintiff's work duties required neither discretion nor independent judgment.

43. From approximately April 2018 until July 2018, Plaintiff worked from approximately 3:00 p.m. until on or about 11:00 p.m., three days a week, and from approximately 11:00 a.m. until on or about 7:00 p.m., two days a week (typically 40 hours per week).

44. From approximately August 2018 until on or about November 18, 2019, Plaintiff worked from approximately 3:00 p.m. until on or about 11:00 p.m. four days a week, and from approximately 8:00 a.m. until on or about 3:00 p.m. one day a week (typically 39 hours per week).

45. From approximately January 2019 until on or about November 18, 2019, Plaintiff worked from approximately 3:00 p.m. until on or about 11:00 p.m. five days a week (typically 40 hours per week).

46. For approximately sixteen days straight (or two weeks and 2 days), Plaintiff worked daily shifts of 8 hours, seven days a week (typically 56 hours per week).

47. Throughout her employment with Defendants, Plaintiff was not compensated for any of her hours worked.

48. Instead, Plaintiff received weekly envelopes containing a total of $650 to $750 in cash, which she believed accounted for the tips she earned.

49. In November 8, 2019, Plaintiff received an envelope containing a total amount of $846 in cash, which she believed accounted for the tips she earned that week worked.

50. Plaintiff was never been notified by the Defendants that her tips were being included as an offset for wages.

51. Defendants did not account for tips in any daily or weekly accounting of Plaintiff's wages.

52. Defendants took improper and illegal deductions of Plaintiff's tips; specifically, Defendants improperly deducted 20% from Plaintiff's weekly tips.

53. In addition, Defendants have improperly shared Plaintiff's tips with other employees.

54. Defendants did not provide Plaintiff with a statement of wages with each payment of wages, as required by NYLL 195(3).

55. Defendants have not given any notice to Plaintiff, in English and in Portuguese (Plaintiff's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56. Plaintiff complained numerous times of Defendants' unlawful pay practices.

57. Mostly recently, Plaintiff complained to Defendant GLEKAS about the restaurant's unlawful pay practices in approximately November 2019.

58. In retaliation for complaining, Defendants terminated Plaintiff's employment on November 18, 2019.

59. Specifically, Defendant GLEKAS stated that Plaintiff was no longer needed at the restaurant because she was "questioning us too much" about the Defendants' pay practices.

*Defendants' General Employment Practices*

60. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and all similarly situated employees to work without paying them

appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

61. Defendants required Plaintiff, and similarly situated individuals, to perform several non-tip related tasks for over half of each work day, in addition to their primary roles. These responsibilities included the non-tip duties described above.

62. Plaintiff, and similarly situated individuals, were paid below the lowered tip-credited rate by Defendants; when in fact, under state law Defendants were not entitled to a tip credit because their non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever were less) (12 N.Y.C.R.R. § 146.)

63. New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4.) Similarly, under federal regulations an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation. (29 C.F.R. §531.56(e).)

64. While performing these duties, Plaintiff, and similarly situated individuals, did not receive tips; therefore, they constituted non-tipped occupations, and Defendants could not lawfully take a tip credit for any of the hours that such employees worked in these roles.

65. Defendants' pay practices resulted in Plaintiff and similarly situated individuals not receiving payment for all hours worked, resulting in their effective rate of pay falling below the required minimum and overtime wage rate.

66. Plaintiff and similarly situated individuals were victims of Defendants' common policy and practices violating rights under the FLSA and NYLL by *inter alia* not paying the minimum wage and overtime owed for the hours worked.

67. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

68. Defendants unlawfully misappropriated charges purported to be gratuity, received by Plaintiffs and other tipped employees in violation of New York Labor Law § 196-d (2007).

69. Under the FLSA and the NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

70. At no time did Defendants inform Plaintiff, and similarly situated individuals, that they reduced their hourly wage by a tip allowance.

71. Defendants failed to post required wage and hour posters in the workplace

72. Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

73. Defendants took improper and illegal deductions of Plaintiff's tips.

74. Plaintiff complained numerous times of Defendants' unlawful pay practices. In retaliation for complaining, Defendants terminated Plaintiff's employment on November 18, 2019.

75. Defendants failed to provide Plaintiff and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

76. Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

77. Plaintiff brings her FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by

Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

78. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

79. The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## MINIMUM WAGE

80. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

81. Defendants failed to pay Plaintiff and the FLSA class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

82. Defendants' failure to pay Plaintiff and the FLSA class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

83. Plaintiff and the FLSA class members were damaged in an amount to be determined at trial.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## OVERTIME

84. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

85. Defendants failed to pay Plaintiff and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

86. Defendants' failure to pay Plaintiff and the FLSA class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

87. Plaintiff and the FLSA class members were damaged in an amount to be determined at trial.

## AS A THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LAW § 652(1)
## MINIMUM WAGE

88. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants paid Plaintiff less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations.

90. Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of NYLL § 663.

91. Plaintiff was damaged in an amount to be determined at trial.

## AS A FOURTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## OVERTIME

92. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

93. Defendants failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, , in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

94. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

95. Plaintiff was damaged in an amount to be determined at trial.

### AS A FIFTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK COMMISSIONER OF LABOR
### SPREAD OF HOURS WAGE ORDER

96. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

97. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 137-1.7 and 137-3.11.

98. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

99. Plaintiff was damaged in an amount to be determined at trial.

### AS A SIXTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK LABOR LAW
### NOTICE AND RECORDKEEPING REQUIREMENTS

100. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

101. Defendants failed to provide Plaintiff with a written notice, in English and in Portuguese (Plaintiff's primary language), of her rate of pay, regular pay day, and such other

information as required by NYLL §195(1).

102. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys fees.

### AS A SEVENTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK LABOR LAW
### WAGE STATEMENT PROVISIONS

103. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

104. Defendants did not provide Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

105. Defendants are liable to each Plaintiff in the amount of $5,0000, together with costs and attorneys fees.

### AS AN EIGHTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK LABOR LAW
### UNLAWFUL DEDUCTIONS FROM TIPS

106. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

107. At all relevant times, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

108. New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

109. Defendants unlawfully misappropriated approximately 20% of Plaintiff's weekly

tips that were received from customers.

110. Defendants have unlawfully required Plaintiff to share part of the gratuities she received with employees other than waiters, bussers, or similar employees, in violation of NYLL § 196-d and supporting regulations.

111. Defendants knowingly and intentionally retained a portion of Plaintiff's tips in violations of the NYLL and supporting Department of Labor Regulations.

112. Plaintiff was damaged in an amount to be determined at trial.

## AS A NINTH CAUSE OF ACTION
## ILLEGAL RETALIATION UNDER THE NYLL

113. Plaintiff repeats, reiterates and realleges all paragraphs above as though fully set forth herein.

114. Plaintiff complained to Defendants about violations of the NYLL, specifically the failure to pay her regular hours and overtime premiums.

115. As a result of these complaints, Defendants terminated Plaintiff.

116. Defendants' action was motivated by Plaintiff's complaint about the failure to receive her regular and overtime wages.

117. Defendants' conduct constitutes unlawful retaliation in violation of, inter alia, NYLL § 215.

118. Defendant's actions were willful.

119. Defendants are liable to Plaintiff for back pay, front pay, compensatory damages, liquidated damages, punitive damages, and attorneys' fees and costs, all in an amount to be determined in trial.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against

Defendants:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B. Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

C. Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

D. Declaring that the Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

E. Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

F. Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

G. Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

H. Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

I. Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

J. Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor;

K. Declaring that the Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

L. Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

M. Declaring that Defendants violated section 191 of the New York Labor Law;

N. Declaring that Defendants violated section 193 of the New York Labor Law;

O. Declaring that Defendant violated section 215 of the New York Labor Law;

P. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, spread of hours pay under the NYLL, and damages for any improper deductions or credits taken against wages,

Q. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of wages due pursuant to NYLL §§ 663 and 198-d;

R. Awarding Plaintiff back pay, front pay, compensatory damages, liquidated damages, and punitive damages for their retaliation against Plaintiff;

S. Awarding Plaintiff and the FLSA class members prejudgment interest and the expenses incurred in this action, including costs and attorney's fees as provided by the FLSA and NYLL;

T.  Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

U.  All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 4, 2020

                                        **PHILLIPS & ASSOCIATES,**
                                        **Attorneys at Law, PLLC**

By: _Shawn R. Clark_
        Shawn R. Clark, Esq.
        *Attorneys for Plaintiff*
        45 Broadway, Suite 620
        New York, New York 10006
        T: (212) 248-7431
        F: (212) 901 - 2107
        E-Mail: sclark@tpglaws.com