**PHILLIPS & ASSOCIATES**

*Attorneys at Law*
45 BROADWAY, SUITE 620, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

August 20, 2021

<u>*Via ECF*</u>
The Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

   **RE: <u>Pacifico Riveliu v. 910 Seventh Ave Rest LLC. et al,
      Civil Action No. 20-cv-01943 (VSB)</u>**

Your Honor:

  This firm represents the Plaintiff Fernanda Pacifico Reveliu ("Plaintiff") in the above-referenced matter. Plaintiffs write jointly with Defendants to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement is attached hereto as Exhibit A.

  Plaintiff has agreed to settle the wage claims she brought in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's wage claims asserted in this case as outlined more specifically in the attached Agreement.

  The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

I. **Statement of the Case**

This is an action for money damages brought by Plaintiff Fernanda Pacifico Reveliu. Plaintiff alleges that she was not properly paid minimum and overtime wages required by the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") while working as a waitress at Defendants' business, and that Defendants made improper deductions to her wages and tips. Plaintiff also alleges she was unlawfully terminated from her employment for complaining about Defendants' wage practices. Plaintiff's estimate of their damages if they were fully successful on all of their arguments at trial, excluding attorney's fees and costs, is attached hereto as Exhibit B.

Defendants deny the allegations.

II. **The Proposed Settlement is Fair and Reasonable**

Under the settlement, Defendants will pay $70,000.00 over eighteen months to settle all wage claims. Of this amount, $23,380.36 will be attorney's fees and costs in this matter, with the remainder to go to the Plaintiff. Plaintiff is protected from the risk of default through confessions of judgment.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Having conferred with Defendants, it became clear that they were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Significantly, Defendants vigorously contested the Plaintiff's hours worked and the method by which she was paid. Looked at as a whole, these contested issues suggested that settlement was a reasonable path forward for all parties in this action.

The Defendants also have limited ability to pay a settlement in light of the financial situation of restaurants following the Coronavirus pandemic, and it would have been difficult to enforce a large judgment against Defendants and collect it in full. Even if Plaintiff was to obtain a judgment for the full amount of her claimed damages, it is not clear that they would have been able to collect the full amount, and any partial collection would have been time-consuming. The proposed settlement represents a reasonable compromise between the strength of Plaintiff's claims and Defendants' financial situation.

Considering the risks in this case outlined above, discussed *supra*, Plaintiff believes that this settlement is an excellent result for the Plaintiff, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y.

Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### III. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreements with the Plaintiff, Plaintiffs' counsel will receive $23,380.36 from the settlement fund as attorneys' fees and costs. This represents one third of the settlement fund after costs of $418.49; costs in this case, including the Court filing fee as well as postage for a mailing connected to this matter. *See* Exhibit C. This one third contingency rate constitutes a reduction from the forty percent retainer rate reflected in the Plaintiff's retainer agreement.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, including multiple settlement conferences, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, Plaintiff has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing plaintiffs in the New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low time and expense. A summary of billing records for Plaintiff's counsel is annexed hereto as Exhibit D; duplicative or extraneous billing records have been removed. Accordingly, we calculate our lodestar in the amount of $27,285.00, an amount larger than the fees requested in connection with the settlement here. A brief biography of each attorney who performed billed work in this matter is as follows:

   a. Shawn Clark is a Senior Associate at Phillips & Associates PLLC and bills at a rate of $350.00. Mr. Clark graduated from New York University School of Law in 2010, where he was a Dean's Scholar and an Articles Editor for the New York University Journal of Legislation and Public Policy. During law school Mr. Clark interned in the trial sections of the United States Attorney's Office for the Eastern District of New York and the New York County District Attorney's Office, and assisted former United States District Judge John Gleeson with formulating a curriculum for newly appointed appellate judges at New York University's Opperman Institute for Judicial Administration. Following law school, Attorney Clark worked in the Legal Bureau of the NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. Between 2012 and 2014 Mr. Clark worked at the Special Federal Litigation Division of

the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and Eastern Districts of New York. Since 2014, Mr. Clark has specialized in litigating employment matters on behalf of plaintiffs in state and federal courts, including wage & hour and discrimination actions. He has served as lead counsel in multiple bench and jury trials involving employment matters in the federal courts.

Attorney Clark is an active member of the New York Chapter of the National Employment Lawyers Association and the Federal Bar Council. He has been selected as a Super Lawyers Rising Star each year since 2015.

b. Samantha Cassinelli is a paralegal at Phillips & Associates PLLC and bills at a rate of $100.00. Ms. Cassinelli attended the University of Maryland and earned her undergraduate degree in 2016 in Criminology and Criminal Justice. During college Ms. Cassinelli worked as an intern in the District's Attorney's Office and then as a legal assistant in a law firm in Guayaquil, Ecuador. From April 2017 to December 2019, Ms. Cedeno worked as a paralegal for another labor and employment firm in Manhattan. Ms. Cassinelli joined Phillips & Associates in December 2019.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

By: _/s/ Shawn Clark_____
Shawn Clark, Esq.

CC: All Counsel of Record (ECF)