UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
:
FERNANDA PACIFICO REVELIU,                  :
:
                    Plaintiff,    :
:               20-CV-1943 (VSB)
      -v-                        :
:                     ORDER
:
:
910 SEVENTH AVE REST LLC, et al.,           :
:
                  Defendants.   :
:
-------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

       The parties have advised me that they have reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (Doc. 30.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because I find that the settlement agreement contains an overbroad non-disparagement clause that renders the agreement not fair and reasonable, the parties' request that I approve their settlement agreement is DENIED.

      **I.**     **Legal Standard**

       To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the [plaintiff's] range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the

1

product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (internal quotation marks omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II.     Discussion

Pursuant to my Order of July 16, 2021, (Doc. 26), the parties submitted a letter detailing why they believed the settlement reached in this action, and the contemplated attorneys' fees, were fair and reasonable, (Doc. 29). On December 13, 2021, the parties submitted a second letter, explaining that the parties had come to a revised agreement due to Defendants' changing "financial situation." (Doc. 30.) I took the new agreement under advisement. (Doc. 31.) I have

2

independently reviewed the revised settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate. I believe that they are not, and therefore do not approve the parties' settlement agreement.

### A. *Settlement Amount*

I first consider the settlement amount. The agreement provides for the distribution to Plaintiff of $65,000, inclusive of attorneys' fees and expenses. (Doc. 30, at 2.) Plaintiff did not explicitly total her estimated damages, but instead attached a spreadsheet listing projected amounts in various categories. (*See* Doc. 30-3.) It appears Plaintiff believes she would be entitled to $310,744 for unpaid wages and overtime, assorted violations, liquidated damages, front pay, and compensation for emotional distress, among other things. (*See id.*) While the settlement amount is therefore only a fraction of the total amount Plaintiff claims is owed to her, the parties argue that this settlement is fair in light of the litigation and collection risks specific to this case. In particular, the parties note in their December 13, 2021 letter that Defendants have a "limited ability to pay a settlement in light of the financial situation of restaurants following the Coronavirus pandemic." (Doc. 30, at 2.) The settlement agreement would ensure that Plaintiff recovers a sizeable amount from Defendants, in a lump sum. (*Id.*)

I also note that a large portion of Plaintiff's estimated damages, $125,000, is for "emotional" damages related to Plaintiff's retaliation claim. (Doc. 30-3, at 2.) It is especially difficult to estimate the likelihood of recovering such damages with any certainty. However, Plaintiff only claims that she is entitled to $15,836 for unpaid wages and overtime. (*Id.* at 1.) Therefore, even when setting aside attorneys' fees and expenses, discussed *infra*, the proposed award would more than compensate Plaintiff for her estimated unpaid wages and overtime.

The litigation risks and potential costs of continued litigation militate in favor of settlement of this case. The parties engaged in arm's length negotiation at mediation through the Southern

District of New York's Mediation program. (*See* Doc. 8.) Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement. Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement amount appears to be a fair and reasonable given the circumstances of this case.

        **B.**    *Non-Disparagement Clause*

I turn next to the settlement agreement's mutual non-disparagement clause. Courts in this District routinely reject FLSA settlement agreements that contain non-disparagement provisions with no carve-out for truthful statements about the litigation. *E.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015) (refusing to approve settlement that contained non-disparagement provision without a carve-out for truthful statements); *Baikin v. Leadership Sheet Metal, Inc.*, No. 16 Civ. 8194 (ER), 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) (same); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (same); *Zapata v. Bedoya*, No. 14-CV-4114 (SIL), 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016) (same). Courts are particularly wary of "provisions that serve to prevent the spread of information about FLSA actions to other workers who could then use that information to vindicate their own statutory rights." *Zapata*, 2016 WL 4991594, at *2 (internal quotation marks omitted).

The settlement agreement requires Plaintiff to agree not to "engage in any conduct in any forum that is intended to disparage Release[d] Parties" and not to "defame or induce others to disparage and/or defame Released Parties in any forum, including . . . in any online forum." (Doc. 30-1, at ¶ 6.) The provision is mutual; the Released Parties also agree not to "engage in any conduct in any forum that is intended to disparage [Plaintiff] or induce others to defame or disparage her in any forum, including . . . online." (*Id.*) The settlement agreement also requires that Released

4

Parties provide only Plaintiff's "dates of employment, title held and final compensation" in response to any reference check. (*Id.*) However, the provision contains no carve-out allowing Plaintiff to make truthful statements about her involvement in this litigation. Although the provision is mutual, "it nonetheless impermissibly restricts Plaintiff['s] ability to communicate with others in an effort to vindicate their statutory rights." *Zapata*, 2016 WL 4991594, at *2 n.2. As a result, this provision is impermissibly chilling. I will not approve a settlement agreement containing a non-disparagement clause with no carve-out for truthful statements.

      C.     *Attorneys' Fees*

I next consider the attorneys' fees contemplated in the settlement agreement. The attorneys' fees sought are $21,730.38, representing "one third of the settlement fund after costs of $418.49." (Doc. 30, at 3.) As an initial matter, courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)). While this case is still at an early stage, it is clear that Plaintiff's counsel has expended time on at least the following: drafting and filing the complaint; exchanging initial discovery; preparing for and attending the mediation; and negotiating and executing the settlement. (*See* Doc. 30-5.) Moreover, because courts in this District typically approve hourly rates of approximately $175 to $450 for attorneys working on FLSA litigation, a one-third award represents appropriate compensation for the nearly 100 hours put into this case. *See, e.g.*, *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Richie Jordan Constr. Inc.*, No. 15-CV-3811, 2015 WL 7288654, at *5 (S.D.N.Y. Nov. 17, 2015) (awarding fees to Plaintiff's counsel of $175/hour of junior associate time); *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507-08 (S.D.N.Y. 2012) (awarding

fees to Plaintiffs' counsel's firm at rates of $175/hour for associate work and $350/hour for partner work); *Ochoa v. Prince Deli Grocery Corp.*, No. 18 CIV. 9417 (ER), 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021) (calling $450/hour the "prevailing maximum rate in the Southern District"). Indeed, given that a senior associate with a rate of $350/hour billed 70.5 hours to this case, and a paralegal with a rate of $100/hour billed 26.1 hours, the lodestar is $27,285, (*see* Doc. 30, at 3–4; Doc. 30-5), which means the requested $21,730.38 award is only a fraction of the lodestar. Based on this analysis, I find the attorneys' fees contemplated in the settlement agreement to be fair and reasonable.

### III.   Conclusion

For the reasons stated above, I find that the overbroad non-disparagement clause in the proposed settlement agreement renders the agreement not fair and reasonable. Accordingly, the parties' request that I approve the proposed settlement agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement within twenty-one (21) days of the date of this Order that cures the deficiencies discussed above and any other terms that are not appropriate under the FLSA; or

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated:   January 7, 2022
         New York, New York

_____
Vernon S. Broderick
United States District Judge