UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
              :
FERNANDA PACIFICO REVELIU,   :
              :
          Plaintiff,  :
              :         20-CV-1943 (VSB)
      -v-            :
              :         ORDER
              :
910 SEVENTH AVE REST LLC, et al.,   :
              :
         Defendants.  :
-------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      The parties have advised me that they have reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (Doc. 30.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because I find that the terms of the revised proposed settlement agreement are reasonable, the parties' request that I approve their agreement is GRANTED.

      Pursuant to my Order of July 16, 2021, (Doc. 26), the parties submitted a letter detailing why they believed the settlement reached in this action, and the contemplated attorneys' fees, were fair and reasonable, (Doc. 29). On December 13, 2021, the parties submitted a second letter, explaining that the parties had come to a revised agreement due to Defendants' changing "financial situation." (Doc. 30.) On January 7, 2022, I issued an order finding that an overbroad non-disparagement clause in the proposed settlement agreement rendered the agreement not fair and

1

reasonable. (Doc. 32 (citing Doc. 30-1, at ¶ 6).) I incorporate the findings of that order by reference, including my findings that the settlement amount of $65,000, inclusive of attorneys' fees and expenses, and the attorneys' fees of $21,730.38, representing one third of the settlement fund after costs of $418.49, are fair and reasonable. (*See generally* Doc. 32.)

In the order, I advised that the parties could either file "a revised proposed settlement agreement" or "a joint letter . . . that indicates the parties' intention to abandon settlement." (*Id.* at 6.) On January 24, 2022, the parties filed a revised proposed settlement agreement. (Doc. 33-1.) I have independently reviewed the settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate. I believe that they are, and therefore approve the settlement agreement of the parties.

The revised proposed settlement agreement includes a non-disparagement provision providing, among other things, that:

> Pacifico Reveliu agrees that (i) neither she, nor anyone acting at her direction, will engage in any conduct in any forum that is intended to disparage Released Parties, and (ii) Pacifico Reveliu further agrees that she will not defame or induce others to disparage and/or defame Released Parties in any forum, including for all of the foregoing, but not limited to, in any online forum.

(*Id.* at ¶ 6.) However, unlike the previous settlement agreement, (Doc. 30-1, at ¶ 6), the revised settlement agreement includes a carve-out that says, "Notwithstanding the foregoing, Plaintiff may make truthful statements about her involvement in this litigation," (Doc. 33-1, at ¶ 6.) Courts in this District have found that such a carve-out is required for non-disparagement provisions in FLSA settlements. *E.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015) (refusing to approve settlement that contained non-disparagement provision without a carve-out for truthful statements); *Baikin v. Leadership Sheet Metal, Inc.*, No. 16 Civ. 8194 (ER), 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) (same); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (same); *Zapata v. Bedoya*, No.

14-CV-4114 (SIL), 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016) (same).  I find that the carve-out renders the non-disparagement provision fair and reasonable.

    The settlement agreement of the parties is hereby APPROVED.

SO ORDERED.

Dated:    January 25, 2022
             New York, New York

_____
Vernon S. Broderick
United States District Judge